IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CONNIE MARIE HOYLE RAZZAGHI,<br>　　　　Plaintiff, | )<br>)<br>) | |
| v. | ) | 1:24CV707 |
| LINDA HOPE HOYLE HANCOCK,<br>　　　　Defendant. | )<br>)<br>) | |

ORDER

This matter is set for an Initial Pretrial Conference on November 21, 2024. However, both parties are proceeding *pro se*, and neither party has filed an Individual Rule 26(f) Report as required by Local Rule 16.1.

On review, it appears that this Court lacks federal subject matter jurisdiction. Plaintiff brings claims alleging breach of fiduciary duty against her sister, Linda Hope Hoyle Hancock, based on challenges to the division of the assets of their parents' estate. Plaintiff contends that the estate should have been divided equally between herself and Defendant, but that Defendant committed "Durable Power of Attorney Abuse" and convinced their parents to make Defendant the Executor of their estate and "coerced them into signing everything over to her while she was staying with them." Plaintiff asks the Court to take control of the estate and provide her with half of the estate assets, including land, life insurance, and retirement accounts.

Plaintiff has not identified any valid basis for federal jurisdiction. Plaintiff and Defendant are both listed as residents of North Carolina, so there is no basis for diversity jurisdiction under 28 U.S.C. § 1332. There are also no federal law claims to establish

jurisdiction under 28 U.S.C. § 1331. Plaintiff cites to "42 U.S. Code 1397j (8) of the Elder Justice Act passed in 2010" and contends that Defendant violated the Elder Justice Act by "Financial Exploitation." However, 42 U.S.C. § 1397j(8) is a definition section for federal social service programs and grants and does not create a private right of action or a basis for federal jurisdiction over Plaintiff's state claims. See Cook v. Doe, No. 21-cv-01720-JSC, 2021 WL 2444959, at *3 (N.D. Ca. May 17, 2021) ("[T]he Elder Justice Act of 2009, 42 U.S.C. § 1397j, does not confer a private right of action."); Wister v. White, No. 19-cv-05882-WHO, 2019 WL 6841370 at *3 (N.D. Ca. Dec. 16, 2019) (Elder Justice Act does not "[confer] a private right of action."); Plummer v. Cnty. of L.A., No. 2:20-cv-04568, 2021 WL 4341122, at *9 (C.D. Ca. Aug. 12, 2021) ("Plaintiff alleges a violation of the Elder Justice Act. To the extent that Plaintiff is referencing the Elder Abuse and Extortion Act or the Elder Justice Act of 2009 ... no private right of action was created by either statute."); Kampfer v. Nathan Littauer Hospital, no. 1:22-cv-1235, 2023 WL 4847279 at *4 (N.D.N.Y. July 28, 2023) ("Plaintiff also points to the Elder Justice Act. . . . [T]he statutes under which Plaintiff seeks to bring claims do not provide him with a private right of action. Since Plaintiff cannot bring any claims under these statutes, he has not implicated federal-question jurisdiction in his Complaint."). Moreover, it has long been the rule that challenges to a will are state matters not subject to federal jurisdiction. See Markham v. Allen, 326 U.S. 490, 494 (1946) ("[T]he equity jurisdiction conferred by the Judiciary Act of 1789 . . ., which is that of the English Court of Chancery in 1789, did not extend to probate matters."); Marshall v. Marshall, 547 U.S. 293, 311-12 (2006) ("[T]he probate exception reserves to state probate courts the probate or annulment of a will

2

and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.").

The Court has an obligation to raise issues of federal subject matter jurisdiction *sua sponte*. Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004). ("Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." (internal citations omitted)). The Court therefore gives notice that it intends to recommend dismissal of this case without prejudice for lack of federal subject matter jurisdiction. Plaintiff has 14 days, until December 4, 2024, to file a response setting out any valid basis for federal subject matter jurisdiction in light of the authority set out herein. The Court will consider any filing and will then enter a Recommendation for the District Judge. Given the apparent lack of federal jurisdiction, the Initial Pretrial Conference is cancelled.

IT IS THEREFORE ORDERED that in light of the apparent lack of federal subject matter jurisdiction, the Initial Pretrial Conference is cancelled. Plaintiff has until December 4, 2024, to file a response setting out any valid basis for federal subject matter jurisdiction in light of the issues and authority set out above.

This, the 20th day of November, 2024.

/s/ Joi Elizabeth Peake
Joi Elizabeth Peake
United States Magistrate Judge

3

Case 1:24-cv-00707-TDS-JEP    Document 7    Filed 11/20/24    Page 3 of 3